which is 25-794 Sue Costello v. Paramount Global, Inc. And we'll let the courtroom, everybody come and go and get settled before we start. We'll just let them all file out so we can hear you all without any distractions. Okay. Ms. Costello, you may begin and as you have seen through some of the other arguments today I understand you'd like to reserve a minute for rebuttal. So that means after your initial presentation we'll hear from the other side but then you get to come back up for a minute if there's anything you feel you would usefully respond to. Does that make sense? Yes. Okay. Whenever you're ready. Good afternoon, Your Honors. May it please the Court. My name is Sue Costello. I am pro se appellant and this appeal rests on three undisputed facts. First, the failure to test the threshold. The district court fundamentally denied my due process by choking my ability to present fraud in the inducement. The court was required to test this threshold the moment I challenged the making of the agreement. The judge opened the door to viability on the record but when the appellee said the deal could still be opened she never held them to the facts. Two, the EFAA trigger. This case was filed in 2023 and is protected by the EFAA under the Second Circuit's ruling Oliveri v. Stiefel. Under the continuing violation doctrine, a hostile environment claim reoccurs with every new act in the patent. The harassment here continued on April 5, 2022 at the New York Attorney General's office where they attempted to bribe me into a Me Too payout to bury the contract crime. The district judge's own actions are part of this ongoing hostile environment. She sexualized me on the record and put sexual words in my mouth to block me from mentioning the fraud and the EFAA continuing acts. She then tampered with the transcript to sanitize the record with bizarre changes like Ronan Farrow to Rona Barrett. I formally identified this sexualization, the choking of my fraud and the EFAA claim and the judicial bias to the magistrate. Because these successive acts occurred after the March 3, 2022 effective date the arbitration clause is void by operation of law under 9 U.S.C. 402. The arbitration clause was procured as a criminal tool to preemptively bypass the court. This exact abuse is why the EFAA was enacted to stop. And the third legal impossibility, the district court issued an arbitration order specifically to strip me of my EFAA protections and property rights. It then dismissed the case with prejudice for failure to arbitrate. Despite the fact that Jams had twice stated on the record that the case belongs in court due to the underlying crimes. Under the doctrine of prevention, the appellees cannot benefit from the failure that they themselves created. By engineering a fraudulent scheme, they made the arbitration both legally and practically impossible. This is not a mere error. It is fraud upon the court. The court must vacate the judgment to protect the sanctity of the judicial system. I ask that the court strike their pleadings, enter a default judgment and refer these criminal matters to the proper authorities. Thank you. Thank you, Ms. Costello. Why don't we now hear from the other side. I understand for the appellee, we have Ms. Weeks. You may proceed. Good morning, Your Honor. May it please the Court. Crystal Weeks of Wild Gottschall and Manges on behalf of Appellee Paramount Global. I want to take a step back and focus on the narrow legal issue that is before the court, which is whether it was an abuse of discretion for the district court to dismiss Ms. Costello's case for failure to prosecute. It clearly was not. After the district court entered an order compelling arbitration and staying the case, more than a year passed without Ms. Costello taking the steps to initiate her arbitration. She was given five warnings that failure to commence arbitration would result in dismissal of her case. She received three extensions of her deadline to do so, and ultimately she received a show cause order. And still, Ms. Costello did not commence arbitration. Even affording her the solicitude she's entitled as a pro se litigant, the district court was well within its discretion under this court's Rule 41B analysis to dismiss the case. And I'm happy to take through those factors quickly, Your Honors, on duration. Again, this case was stalled for more than a year on the docket. This court has previously held that as little as a few months is sufficient delay. On notice, she received five separate warnings that failure to commence arbitration would result in dismissal. This court has held that one warning is sufficient. The district court also reasonably balanced management of its docket giving Ms. Costello an opportunity to be heard. She was heard at every turn. She filed 33 letters to the district court, seven of those after the report and recommendation. She was heard in an in-person conference, another status conference, and she's being heard here today. She has not been denied her due process rights. In terms of prejudice, Your Honors, the court was entitled to presume prejudice from the length of the delay. And finally, it was clear that no lesser sanction would be effective when she was warned that failure to commence arbitration would result in dismissal, and she did not do so. Now, Ms. Costello has made several arguments here today. None of those changed the Rule 41B analysis, Your Honors. With respect to the EFAA, the court heard and rejected that argument. The facts underlying Ms. Costello's arguments all arose prior to enactment of that statute, which does not apply retroactively. Can I just ask a question on that? I was just thinking through, because normally court says arbitrate. You don't get to appeal until you've gone through the arbitration and then come back for confirmation, and eventually you can get here. But it strikes me that that requirement might create some real policy tensions in the context of somebody who has a plausible EFAA claim because you're essentially requiring them to do exactly the thing that statute is designed to not require them to do. Is there any other step that somebody in that situation can take when they're caught in that bind and they assert an EFAA claim? Can they seek an interlocutory appeal, seek mandamus? Or are they stopped going through the arbitration and then appealing in due course? Your Honor, typically under this Court's precedent, an interlocutory order in this case would not merge with the final judgment because of distinction of failure to prosecute. But I think in a situation where that weren't the case, it may be possible to seek interlocutory appeal. But here, Ms. Costello has not even alleged a hostile work environment claim. And again, all the facts were alleged prior to enactment. And yes, if you were to appeal an arbitration order, that would be at the end of the road after the arbitration, and then you would have the opportunity to appeal, which Ms. Costello would have been able to do had she gone to arbitration as ordered. She could have made the argument she made here today on appeal of that decision at that point in time. And I just want to say in closing, Your Honor, is that there are a number of motions pending before the Court. Paramount rests on the papers on those. We ask that they be denied. And for the reasons discussed today in our brief, we ask the Court to affirm the judgment below. Thank you. Thank you. Ms. Costello, you have an opportunity for rebuttal. If there's anything that opposing counsel said that you think would be useful to respond to, this is your opportunity to do that. Thank you, Your Honor. I did try to commence arbitration. JAMS, a designated arbitrator, refused to do it three or four times. They told me that they couldn't do it because of the underlining crimes. That is all in my appeal. I was not allowed to argue any of that because I was choked on the first call. The judge choked me on the first call before I could even mention her firm, her ex-firm. She was a partner in the firm that did their private investigation. I was about to mention it. I was about to mention the continuing act with the AG, and she put sexual words in my mouth. She said, did you make sexual allegations? You didn't say things like those things happened to me. You didn't say that you heard other people did it. You didn't say sexual allegations. She said it so aggressively and attacked me so aggressively that I had to say no, no, never, never, even after the first time that I said no. And the reason why I needed extensions to get to the JAMS while the court was choking me is because both my father and my brother died during this. That's why I needed the extensions, Your Honor. So my letter 28 proves that they made the contract through the back channels, the same sexual back channels that they made that the New York AG's assurance said that they were making back deals with women about sex, and that that's the same way that they made my deal. So that's the EFA complaint. That's an EFA complaint. So thank you.  Thank you very much, Ms. Costello. We appreciate the arguments of both parties. As with every case that we heard today, we will take the case under advisement. That means that at some point in the future there will be a written ruling that issues to the court. This court, having completed the business for which it was today convened, will now stand adjourned. Thank you all. Court stands adjourned.